■ SONY ERICSSON MOBILE COMMUNICATIONS USA, INC., Appellant, v LSI CORPORATION, Respondent. [958 NYS2d 387]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 4, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The record demonstrates that plaintiff could not reasonably have relied on any alleged misrepresentations by Agere Systems, Inc. (later acquired by defendant) about the completion dates for its new technology for plaintiff's wireless devices (*see Ventur Group, LLC v Finnerty*, 68 AD3d 638 [1st Dept 2009]). Long before the license agreement with Agere was executed, plaintiff, a sophisticated entity that did not, as a rule, rely on marketing presentations or vendor timetables, was aware of delays in development, understood that Agere's proposed schedule was subject to delays of up to a year, and was hearing from its own representatives that Agere was unlikely to produce the technology on time. Moreover, plaintiff failed to obtain a "time is of the essence" clause in the agreement because even Agere regarded the time line as ambitious.

Plaintiff's inability to show reasonable reliance on defend-

ant's alleged misrepresentations also defeats its claim under the North Carolina Unfair and Deceptive Trade Practices Act (*see Geo Plastics v Beacon Dev. Co.*, 434 Fed Appx 256, 262 [4th Cir 2011] [applying North Carolina law]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.